JMH:AMR/SMS
F. #2022R01012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CLEMENT NWAFOR,
  also known as
  "Adedeji Ogunsanya,"
  "John Okolie" and
  "Johnson Andy,"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   NOVEMBER 30, 2023   \*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. **23-CR-493**
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
 982(b)(1), 1343, 1957(a), 2 and 3551 et
 seq.; T. 21, U.S.C., § 853(p); T. 28,
 U.S.C., § 2461(c))

Judge Kiyo A. Matsumoto
Magistrate Judge Marcia M. Henry

THE GRAND JURY CHARGES:

## INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and Related Entities

       1.    The defendant CLEMENT NWAFOR, also known as "Adedeji

Ogunsanya," "John Okolie" and "Johnson Andy," resided in Brooklyn, New York.

       2.    The defendant CLEMENT NWAFOR had control over NWAFOR

Company-1, an entity the identity of which is known to the Grand Jury. NWAFOR Company-1

was registered in or about October 2018 with the State of Maryland. The defendant also had

control over NWAFOR Company-2, an entity the identity of which is known to the Grand Jury

(collectively with NWAFOR Company-1, the "NWAFOR Companies"). NWAFOR Company-2

was registered in or about September 2018 with the State of New York.

3.     The defendant CLEMENT NWAFOR had control over numerous bank accounts in the names of his aliases and in the names of the NWAFOR Companies (collectively, the "NWAFOR Accounts"), including but not limited to the following:

(a)     NWAFOR Account-1 was a bank account opened by the defendant in or about October 2018 in the name of NWAFOR Company-1 with Bank A, an entity the identity of which is known to the Grand Jury.  Bank A was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"), and which was doing business in several states, including New York.

(b)     NWAFOR Account-2 was a bank account opened by the defendant in or about March 2019 in the name of NWAFOR Company-2 with Bank B, an entity the identity of which is known to the Grand Jury.  Bank B was a financial institution, the deposits of which were insured by the FDIC, and which was doing business in several states, including New York.

(c)     NWAFOR Account-3 was a bank account opened by the defendant in or about September 2018 in the name of NWAFOR Company-2 with Bank C, the identity of which is known to the Grand Jury.  Bank C was a financial institution, the deposits of which were insured by the FDIC, and which was doing business in several states, including New York.

(d)     NWAFOR Account-4 was a bank account opened by the defendant in or about May 2018 in the name of the defendant's alias "Adedeji Ogunsanya" with Bank C.

II.     Overview of the Fraudulent Schemes

4.     The defendant CLEMENT NWAFOR defrauded victims through business email compromise ("BEC") schemes.  In furtherance of these fraudulent schemes, NWAFOR

opened companies and bank accounts in false names using false identifications, including the
NWAFOR Companies and the NWAFOR Accounts described above.

    5.  As part of the BEC fraud schemes, employees of victim companies,
entities and persons whose identities are known to the Grand Jury, received email messages
purporting to be from third-party vendors that did business with those companies.  The emails
directed the employees to send funds owed to those third-party vendors to one or more of the
NWAFOR Accounts.  In response to these messages, employees of victim companies transferred
more than $880,000 to one or more of the NWAFOR Accounts.  The transferred funds were
temporarily kept in the NWAFOR Accounts before being moved to different bank accounts or
withdrawn by the defendant CLEMENT NWAFOR.

III.  BEC Scheme 1

    6.  In or about October 2018, employees of Victim Company-1, persons and
an entity whose identities are known to the Grand Jury, received email messages purporting to be
from an employee of Victim Company-2, a company with which Victim Company-1 engaged in
business and the identity of which is also known to the Grand Jury.  The email messages were
sent from email accounts with a domain name similar to the domain name used by Victim
Company-2 and used Victim Company-2's letterhead and its employees' signatures.  These
email messages directed employees of Victim Company-1 to send funds purportedly owed to
Victim Company-2 to NWAFOR Account-1, a bank account that appeared to be associated with
Victim Company-2 but was actually associated with NWAFOR Company-1, a company with the
same name as Victim Company-2.

    7.  In response to these messages, between on or about October 30, 2018, and
November 20, 2018, employees of Victim Company-1 transferred approximately $691,350 to

NWAFOR Account-1. The funds were then moved among various NWAFOR Accounts, including NWAFOR Account-3 and NWAFOR Account-4, were transferred by wire outside of the United States and were otherwise dispersed.

IV.     BEC Scheme 2

        8.     On or about July 30, 2019, an employee of Victim Company-3, a person and an entity whose identities are known to the Grand Jury, received email messages purporting to be from Victim Company-4, an entity the identity of which is known to the Grand Jury, a company with which Victim Company-3 engaged in business. The email messages were sent from email accounts with a domain name similar to the domain name used by Victim Company-4. The email messages directed employees of Victim Company-3 to send funds purportedly owed to Victim Company-4 to NWAFOR Account-2.

        9.     In response to these messages, on or about August 1, 2019, employees of Victim Company-3 transferred approximately $190,500 to NWAFOR Account-2. On or about August 2, 2019, approximately $180,000 of the funds were transferred outside of the United States.

COUNTS ONE AND TWO
(Wire Fraud)

        10.     The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

        11.     In or about and between October 2018 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CLEMENT NWAFOR, also known as "Adedeji Ogunsanya," "John Okolie" and "Johnson Andy," together with others, did knowingly and intentionally devise a scheme and artifice to defraud Victim Company-1, and to obtain money and property from Victim Company-

1 by means of one or more materially false and fraudulent pretenses, representations and promises.

12.    For the purpose of executing such scheme and artifice, the defendant CLEMENT NWAFOR, also known as "Adedeji Ogunsanya," "John Okolie" and "Johnson Andy," together with others, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds as described below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|-------|------------------|--------------------|
| ONE   | November 30, 2018 | Wire transfer of approximately $140,000 from NWAFOR Account-4 to Chinese Bank A, an entity the identity of which is known to the Grand Jury |
| TWO   | December 4, 2018  | Wire transfer of approximately $60,000 from NWAFOR Account-3 to Chinese Bank B, an entity the identity of which is known to the Grand Jury |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNT THREE
(Wire Fraud)

13.    The allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth in this paragraph.

14.    In or about and between July 2019 and August 2019, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CLEMENT NWAFOR, also known as "Adedeji Ogunsanya," "John Okolie" and "Johnson Andy," together with others, did knowingly and intentionally devise a scheme and artifice to defraud Victim Company-3, and to obtain money and property from Victim Company-3 by means of one or more materially false and fraudulent pretenses, representations and promises.

15.      For the purpose of executing such scheme and artifice, the defendant

CLEMENT NWAFOR, also known as "Adedeji Ogunsanya," "John Okolie" and "Johnson

Andy," together with others, did transmit and cause to be transmitted by means of wire

communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds

as described below:

| COUNT | APPROXIMATE DATE | WIRE COMMUNICATION |
|-------|------------------|--------------------|
| THREE | August 2, 2019 | Wire transfer of approximately $180,000 from NWAFOR Account-2 to Chinese Bank C, an entity the identity of which is known to the Grand Jury |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

COUNTS FOUR, FIVE AND SIX
(Money Laundering)

16.      The allegations contained in paragraphs one through nine are realleged

and incorporated as if fully set forth in this paragraph.

17.      On or about the following dates, within the Eastern District of New York

and elsewhere, the defendant CLEMENT NWAFOR, also known as "Adedeji Ogunsanya,"

"John Okolie" and "Johnson Andy," together with others, did knowingly and intentionally

engage in one or more monetary transactions in and affecting interstate commerce in criminally

derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit: wire fraud, contrary to Title 18, United States Code, Section 1343:

| COUNT | APPROXIMATE DATE | MONETARY TRANSACTION |
|-------|------------------|----------------------|
| FOUR | November 30, 2018 | Wire transfer of approximately $140,000 from NWAFOR Account-4 to Chinese Bank A |
| FIVE | December 4, 2018 | Wire transfer of approximately $60,000 from NWAFOR Account-3 to Chinese Bank B |
| SIX | August 2, 2019 | Wire transfer of approximately $180,000 from NWAFOR Account-2 to Chinese Bank C |

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO AND THREE

18.    The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Two and Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

19.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR, FIVE AND SIX

20.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts Four, Five and Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

21.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

9

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

By Carolyn Pokorny, Assistant U.S. Attorney

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R01012
FORM DBD-34
JUN. 85

No.

## UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

CLEMENT NWAFOR, also known as "Adedeji Ogunsanya," "John Okolie" and "Johnson Andy,"

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1343, 1957(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____

*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _

_____

*Sean M. Sherman, Assistant U.S. Attorney (718) 254-6262*